UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWANYETTA BUCKLEY | CIVIL ACTION |
| VERSUS | NO: 12-2691 |
| CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY | SECTION: R(1) |

**ORDER AND REASONS**

Before the Court is plaintiff Dwanyetta Buckley's motion for attorneys' fees.[1] For the following reasons, the Court grants plaintiff's motion in part.

Plaintiff filed a complaint for judicial review in this Court after the Social Security Administration (SSA) issued a final decision denying plaintiff's claim for benefits under the Social Security Act.[2] On July 9, 2013, the defendant, Commissioner of the SSA ("Commissioner") filed an unopposed motion to remand the case to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g).[3] The Court granted the motion in an Order dated July 30, 2013.[4]

---

[1]   R. Doc. 22.

[2]   R. Doc. 1.

[3]   R. Doc. 18.

[4]   R. Doc. 21.

Plaintiff now seeks attorneys' fees, arguing that she was a "prevailing party" within the meaning of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff requests an award of $6938.82. The Commissioner does not dispute that plaintiff is a "prevailing party" entitled to recover reasonable attorneys' fees, but objects both to plaintiff's counsel's requested hourly rate and to the number of hours for which he seeks remuneration.

Under the EAJA, the amount of fees awarded to a prevailing party should be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see also Yoes v. Barnhart*, 467 F.3d 426, 426-27 (5th Cir. 2006) (per curiam) (noting that courts may increase the rate beyond the statutory cap if increases in the cost of living so warrant). A district court's attorneys' fees award under the EAJA is reviewed "only for abuse of discretion." *Id.* at 427.

Plaintiff requests an hourly rate of $185.53 for the work counsel performed in this matter, based on the current Consumer Price Index (CPI) for the "South urban region." The Court finds plaintiff's requested rate excessive. Even if plaintiff had provided authority for the proposition that courts may use data from the CPI to determine a reasonable hourly rate under the EAJA (and she has not), the CPI for an entire region of the United

States would not necessarily be a valid indicator of the market price for legal work on Social Security cases in New Orleans. In fact, it would likely be a quite poor indicator: the CPI for the "South urban region" measures changes in the prices paid for a "representative basket of goods and services" by urban consumers in Texas, Oklahoma, Arkansas, Louisiana, Mississippi, Alabama, Georgia, Florida, South Carolina, North Carolina, Tennessee, Kentucky, Virginia, West Virginia, and Maryland. *See Consumer Price Index*, U.S. Dep't of Labor Bureau of Labor Statistics, http://www.bls.gov/cpi/home.htm (last visited Sep. 17, 2013).

Courts in this region have held that a $160.00 hourly rate is appropriate for Social Security cases. *See, e.g.*, *Thibodeaux v. Astrue*, 914 F. Supp. 2d 789, 793 (E.D. La. 2012) ("After due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, the Court is inclined to implement an hourly rate of $160 for this, and future, EAJA petitions."). "In light of these recent awards in the district, the government's suggestion that $160 per hour is reasonable in this case, and the plaintiff's lack of justification for a higher rate," the Court finds that plaintiff's counsel may recover attorneys' fees at a rate of $160 per hour. *Grant ex rel. C.P. v. Colvin*, No. 12-1306, 2013 WL 4508161, at *2 (E.D. La. Aug. 22, 2013).

The Commissioner also asks that plaintiff's counsel be reimbursed for only 33.2 hours of work, as opposed to the 37.4

requested by plaintiff. Specifically, the Commissioner objects to plaintiff's counsel's inclusion of the following tasks in his itemization of time:

(1) draft IFP [*in forma pauperis*] forms and cover letter to client: 0.7 hours

(2) receipt and review of IFP forms and wage and asset information to determine if IFP motion is supported: 0.8 hours

(3) receipt and review of order granting IFP: 0.3 hours

(4) preparation and mailing of service letters to U.S. Attorney, SSA, and Attorney General: 0.8 hours

(5) letter to U.S. Marshall requesting service of complaint: 0.3 hours

(6) receipt and review of executed summons return: 0.5 hours

(7) receipt and review of Court's Order granting Plaintiff's motion for extension of time to file her motion for summary judgment: 0.2 hours

(8) telephone call from U.S. Attorney regarding requesting an extension of time: 0.3 hours

(9) receipt and review of Commissioner's motion for extension of time: 0.2 hours

(10) receipt and review of the Court's Order granting the Commissioner's motion for extension of time to file: 0.1 hours

The Court finds the hours billed for these tasks to be excessive. For example, it is unreasonable for plaintiff's counsel to have spent nearly an hour on task (2), given that plaintiff's counsel also spent 0.6 hours meeting with plaintiff

to complete the IFP forms.[5] It is also unreasonable for plaintiff's counsel to have spent a half-hour reviewing a summons return, or nearly an hour preparing and mailing a service letter. The Court finds that the number of hours billed for the above-listed tasks should be reduced by one-half, to 2.1 hours. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (noting that "hours that are excessive, redundant, or otherwise unnecessary" must be excluded from a prevailing party's fee calculation).

Accordingly, plaintiff's counsel is entitled to recover for 35.3 hours of work at a rate of $160.00 per hour, for a total award of $5648.00.

New Orleans, Louisiana, this __3rd__ day of October, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5] *See* R. Doc. 22-2 at 1.